UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| reFX AUDIO SOFTWARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12 CV 2095 RWS |
| ) | |
| BRIAN WILTOWSKI, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before me on Plaintiff reFX Audio Software, Inc.'s motion for default judgment against Defendant Brian Wiltowski.  The present lawsuit alleges that Wiltowski used a file sharing program known as BitTorrent to illegally obtain and distribute its copyrighted software.

Plaintiff properly served Wiltowski on July 24, 2013.  On December 19, 2013, the Clerk of Court entered a default against Wiltowski because he failed to file an answer or other responsive pleading.  In its motion for default judgment, Plaintiff requests statutory damages in the amount of $9,250, in addition to attorney's fees totaling $900.  Plaintiff also requests a permanent injunction to prevent Wiltowski from committing future acts of infringement.

Under the Copyright Act, 17 U.S.C. § 504(a), an infringer of a copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages.  The measure of damages is elected by the copyright owner. § 504(b) and (c).  Here, Plaintiff has elected to seek statutory damages.  17 U.S.C. § 504(c) provides that a copyright owner may recover an award of statutory damages, with respect to any one work, "in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

Here, Plaintiff alleges that the infringement was committed willfully, which increases the range of statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiff's complaint and filings support its allegations that Wiltowski infringed upon its copyrighted software. Wiltowski failed to appear in this action to defend or offer any justification for his actions. Accordingly, the entry of a default judgment pursuant to Rule 55(b)(2) is proper. Although Plaintiff has requested a statutory damages award of $9,250, I find that a statutory damages award of $2,000 would sufficiently reimburse Plaintiff for Defendant's infringement and would adequately discourage future infringement. A statutory damages award of $2,000 is consistent with damages awarded in similar infringement actions.

Plaintiff argues it is entitled to an injunction prohibiting Wiltowski from unlawfully infringing upon its copyrighted software. Section 502(a) of Title 17 provides: "Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." When a "history of continuing infringement" is present and "a significant threat of future infringement remains," a permanent injunction is appropriate. Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994) (citation omitted). I will also grant Plaintiff's request that Wiltowski be permanently enjoined from infringing upon any of Plaintiff's copyrighted works.

17 U.S.C. § 505 provides that "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Using my discretion, I will award Plaintiff reasonable attorney's fees amounting to $900.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for default judgment [#90] is **GRANTED** to the extent set out above.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

                                     _/s/ Rodney W. Sippel_
                                     RODNEY W. SIPPEL
                                     UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2013.